CASE

**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
NORTHERN DIVISION
TOWER II, 9ᵗʰ FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND  21201-2705
TEL:  (410) 962-3962
FAX:  (410) 962-0872
EMAIL:  Andrew_Szekely@fd.org
Nate_Smith@fd.org

JAMES WYDA                                                              ANDREW SZEKELY & NATHAN SMITH
FEDERAL PUBLIC DEFENDER                                      ASSISTANT FEDERAL PUBLIC DEFENDERS


June 7, 2021


The Honorable Richard D. Bennett
United States District Judge
United States District Court
 for the District of Maryland
101 W. Lombard Street
Baltimore, MD 21201
Via CM/ECF


    **Re:**    *United States v. Jose Hopkins*, RDB-20-237

Dear Judge Bennett:

We write in advance of Mr. Jose Hopkin's June 10, 2021, guilty plea and sentencing. At the hearing, the Court should accept the Rule 11(c)(1)(C) plea agreement and impose the stipulated 36-month sentence. *See* Plea Agreement, Exhibit A. This letter addresses the sentencing guideline range as well as the relevant 18 U.S.C. § 3553(a) factors.

### THE PLEA AGREEMENT AND SENTENCING GUIDELINES RANGE

Mr. Hopkins and the government entered into an agreement in this case, which the parties are submitting to the Court as a plea agreement pursuant to Rule 11(c)(1)(C). *See* Exhibit A. Under the terms of the agreement, Mr. Hopkins will plead guilty to the sole count of the indictment – Possession of Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1). *Id.* at ¶ 1.

As part of the plea letter, the parties agree that Mr. Hopkins is prohibited from possessing a firearm. *Id.* at ¶ 6a. Accordingly, the base offense level for the offense is 14. *Id.*; U.S.S.G. § 2K2.1(a)(6). The parties additionally agree to 4-level enhancement because Mr. Hopkins possessed the firearm in connection with another felony offense. *Id.* at ¶ 6b. After a 2-level reduction for Mr. Hopkins' acceptance of responsibility and an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b) the final offense level is 15. Plea Agreement at ¶ 6, U.S.S.G. § 3E1.1.

June 7, 2021
Page 2
*United States v. Jose Hopkins*, RDB-20-237

The parties further "stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **36 months** of imprisonment . . . is the appropriate disposition of this case . . . ." Plea Agreement at ¶ 9 (emphasis in the original).

In advance of the consolidated guilty plea and sentencing proceeding, the Court directed the United States Probation Office to update Mr. Hopkins' preexisting Presentence Report ("PSR"), which was produced in anticipation of Mr. Hopkins' January 26, 2007, sentencing in case JFM-005-485.[1] The updated PSR tracked the parties' guideline calculations and found a total offense level of 15. PSR at ¶¶ 17-26. The PSR placed Mr. Hopkins in criminal history category II. *Id.* at ¶ 38. An offense level 15 and criminal history category II corresponds with an advisory sentencing guidelines range of 21 to 27 months' incarceration. PSR at ¶ 66.

### A 24-MONTH SENTENCE IS APPROPRIATE

The Rule 11(c)(1)(C) plea submitted to the Court stipulates to a sentence of 36 months' incarceration. The Court should impose this sentence as it advances the goals of 18 U.S.C. § 3553(a) and is "sufficient, but not greater necessary."

This is a serious offense and the 36-month stipulated sentence reflects it seriousness. At 9 months above the high end of the guidelines range, this sentence takes into consideration Mr. Hopkins' criminal history. With one exception for Mr. Hopkins's 2005 gun offense, all of Mr. Hopkins' prior convictions no longer receive criminal history points. The upwards variance from the advisory sentencing guidelines range is warranted here to account for convictions which no longer count in the guidelines calculation, but are nevertheless relevant, in this case, to determining a reasonable sentence.

The sentence also reflects Mr. Hopkins' difficult incarceration during the pandemic. In July 2020, while this matter was still pending in state court, Mr. Hopkins was placed on home detention due to the worsening COVID-19 pandemic. When Mr. Hopkins was re-arrested on the federal charges some weeks later, he was detained. As a result, Mr. Hopkins spent the most difficult and dangerous stretches of the pandemic in custody at the Chesapeake Detention Facility ("CDF").[2]

Incarceration during this time has been difficult for Mr. Hopkins. Mr. Hopkins endured a widespread outbreak of COVID-19 at CDF that resulted in lengthy lockdowns, total lapses in communication with his friends, family, and attorneys, and an ever-present fear he would become seriously ill. As outlined in Mr. Hopkins' motion for temporary release, he is at increased risk for complications from COVID-19 due to asthma and his history of smoking. *See* ECF No. 28. Thankfully the outbreak's breakneck pace has slowed in recent months, but operations at CDF are still far from normal. Indeed, Mr. Hopkins has been unable to have an in-person social visit

---

[1] At the time, the case was assigned to now-retired United States District Judge Benson E. Legg.

[2] Mr. Hopkins is entitled to pretrial credits from November 25, 2019, through July 27, 2020, and again from August 18, 2020, through the present. *See* 18 U.S.C. § 3585.

June 7, 2021
Page 3
*United States v. Jose Hopkins*, RDB-20-237

in nearly ten months. As Judge Chuang noted, being incarcerated during this outbreak "sufficiently increase[s] the severity of [a] sentence . . . ." *United States v. Mel*, No. TDC-18-571, ECF No. 134, 2020 WL 2041674, at *3 (D. Md. 2020).

Incarceration for 36 months is proper both as punishment and to deter Mr. Hopkins and others. But, the long-term answer in this case is supervised release. Mr. Hopkins agrees that the terms of supervised release in the PSR are proper and will further his education and vocational training and help him find long-term employment.

For these reasons, the Court should impose the jointly-recommended 36-month sentence.

We thank the Court for its attention this matter.

Sincerely,

/s/

Andrew Szekely
Nathan Smith
Assistant Federal Public Defenders

cc:      Lindsey DeFrancesco and Richard Gallena, Assistant United States Attorneys
         Nikki M. Martin, United States Probation Officer